LEONARD & MONTGOMERY REAL–ESTATE & INVESTMENT CO. et al. v. BANK OF AMERICA.

(Circuit Court of Appeals, Eighth Circuit. April 11, 1898.)

No. 1,010.

1. EXECUTION OF INSTRUMENT BY CORPORATION—ADMISSION BY PLEA—AUTHORITY OF OFFICERS.

An answer admitting the execution of a note and deed of trust by a corporation is an admission that the officers who executed such instruments, and affixed the corporate seal thereto, were duly authorized to take such action by the board of directors.

2. SAME—CONSIDERATION—BENEFIT OF OFFICERS—ULTRA VIRES.

A bank attached lands of L. and M., who were indebted to it by note. Subsequently a corporation was formed by L. and M., and the lands were conveyed to the corporation subject to the attachment. The corporation then executed to the bank its note, secured by a trust deed on the lands, for

the amount of the indebtedness of L. and M., and the attachment suit was dismissed. *Held*, that the note and trust deed were executed for a valuable consideration moving from the bank to the corporation, and that the act was not ultra vires.

Appeal from the Circuit Court of the United States for the District of Colorado.

This suit was brought by the Bank of America, the appellee, against the Leonard & Montgomery Real-Estate & Investment Company (hereafter termed the "Real-Estate Company"), and against James Leonard and John C. Montgomery, the appellants, to foreclose a deed of trust in the nature of a mortgage, which was executed by the real-estate company on November 21, 1893, to secure the payment of its note for the sum of $5,449.23, and two interest coupons thereto attached in the sum of $381.44 each. The note ran for three years from its date, and was payable to the Bank of America (hereafter termed the "Bank"). The material facts with reference to the transaction, as disclosed by the record, are as follows:

James Leonard and John C. Montgomery, prior to August 22, 1893, were indebted to said bank on a note in the sum of $5,000, with accrued interest thereon, which they had executed in favor of William R. Mygatt. On this note, which had been sold and indorsed to the bank, the bank brought a suit by attachment on August 22, 1893, against Leonard and Montgomery, in the district court of Arapahoe county, Colo., and the writ of attachment issued in said cause was levied on much of the real estate covered by the aforesaid deed of trust, which real estate then belonged to Leonard and Montgomery. After the suit was brought and the attachment was levied, Leonard and Montgomery proposed to the bank to execute in its favor a new note for the amount of their indebtedness, to run for three years, with 7 per cent. interest, and to secure the payment of the same by a deed of trust on the property involved in the present controversy. It was proposed that the attachment suit should be dismissed, and the old note canceled, on the execution and delivery of the new securities. This proposition was accepted by the bank, but, before the new note and deed of trust were executed, Leonard and Montgomery caused a corporation to be formed, known as the "Leonard & Montgomery Real-Estate & Investment Company," to which corporation they conveyed the land in controversy and some other real property which they then owned, receiving in exchange for such conveyance the entire capital stock of the corporation, except four shares which were issued to H. P. Parmelee, who became the secretary of the company. Leonard became the president, and Montgomery the vice president and treasurer, of the company. To carry out the agreement existing between Leonard and Montgomery and the bank, the real-estate company thereafter executed the note and deed of trust on which the present suit is founded; but, before the delivery of the note, it was indorsed by Leonard and Montgomery in their individual capacity. On the execution and delivery of said note and deed of trust to the bank, it caused the aforesaid attachment suit to be dismissed, and the lien of the attachment to be duly discharged. The real-estate company, in its answer, admitted the execution of the aforesaid note and deed of trust, and the delivery thereof to the bank. It also admitted that the note was overdue, and had not been paid, but it resisted a decree of foreclosure on the ground that the real-estate company executed the note without consideration for the accommodation of Leonard and Montgomery, and that its action in that behalf was ultra vires. The circuit court granted a decree of foreclosure, and the case is before this court on appeal from such decree.

A. B. Seaman (Lucius Weinschenk, on brief), for appellants.
William B. Harrison, for appellee.

Before SANBORN and THAYER, Circuit Judges, and PHILIPS, District Judge.

THAYER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

It was contended on the oral argument of the case, and the point is also made in the brief of counsel for the real-estate company, that the latter company is not liable on the note and deed of trust in suit, because they were not executed in pursuance of a resolution of the board of directors formally proposed and passed at a directors' meeting. This question, however, is not open for consideration on this record, and the proposition is not tenable, for the following reason: The answer to the bill contains an express admission that both the note and the deed of trust were executed by the real-estate company at the date alleged in the complaint, which must be regarded as an admission that the officers who executed the note and the deed of trust, and affixed the corporate seal thereto, to wit, the president and secretary, were duly authorized to take such action by the board of directors or other governing body. Any other construction of the pleading would render the admission meaningless and of no effect. If it was the intention of the defendant company, when it filed its answer, to challenge the validity of the note and deed of trust on the ground that the officers who executed the same did so without the sanction or approval of the board of directors, it should have presented that defense either by plea or answer. Not having done so, the only question open for consideration is one which is raised by the answer, namely, whether the note in controversy was executed without any consideration moving from the bank to the real-estate company, and solely for the accommodation of its president and vice president. The answer contains an averment to the effect that the note in suit was an accommodation note made for the benefit of "certain other persons," meaning, we suppose, Leonard and Montgomery, and that the bank was well aware of that fact when it accepted it. This is the only substantial defense which we find stated in the answer. If these allegations were true, and were supported by the proof, we might well concede that the corporation exceeded its powers in attempting to become responsible for the individual debts of its officers, and that securities executed solely for that purpose are voidable, if not absolutely void. Central Transp. Co. v. Pullman's Palace-Car Co., 139 U. S. 24, 11 Sup. Ct. 478; Bank v. Kennedy, 167 U. S. 362, 368, 17 Sup. Ct. 831.

We are not able to concede, however, that the evidence supports these allegations of the answer. The testimony discloses, as we think, without any substantial contradiction, that, when the note and deed of trust were executed, a large portion of the land which is embraced in the deed of trust was incumbered with an attachment lien that existed thereon when it was conveyed to the real-estate company. That company had acquired the land from its grantors subject to the lien, in exchange for its capital stock, and was interested in having the lien discharged, and would be benefited by its discharge, whether we regard an attachment lien when levied as a lien in the strict legal sense, or merely as a conditional charge, which may ripen into a lien upon the recovery of a judgment. By the execution of its note and deed of trust, the real-estate company did in fact procure a release of an attachment lien existing upon its land, which was undoubtedly

valid, and would probably have ripened into a judgment. All parties to the transaction understood that the note and deed were executed for that purpose. We are not able to understand, therefore, upon what ground it can be successfully maintained, on the evidence found in the present record, that the note in suit was executed without a valuable consideration moving from the bank to the real-estate company, and that Leonard and Montgomery were the only persons who were benefited by the transaction. This being the only substantial defense which was urged at the trial, and it being, in our judgment, wholly unsupported by the proof, the judgment below is hereby affirmed.